UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                            Plaintiff

v.                                                                  Criminal Action No. 3:17-cr-6-RGJ

DARRELL MALONE                                                                   Defendant

\* \* \* \* \*

**MEMORANDUM OF CONFERENCE, OPINION, AND ORDER**

This matter is before the Court on defendant, Darrell Malone's Motion to Vacate Order Denying Motion to Revoke Order of Detention (the "Motion"). [DE 110]. Mr. Malone submitted a Memorandum in Support of the Motion, [DE 112], and the United States submitted a Response to the Motion. [DE 113]. A hearing was held in this matter on August 29, 2018, before the Honorable Rebecca Grady Jennings, United States District Judge, regarding the Motion, and specifically whether Mr. Malone was denied effective assistance of counsel to appeal his detention. The Court's official reporter was April Dowell. Larry Fentress appeared on behalf of the United States. James A. Earhart appeared on behalf of the defendant, Darrell Malone, who was also present.

**I. FACTUAL AND PROCEDURAL HISTORY**

    **A. Background.**

On January 11, 2017, Mr. Malone was indicted in the Western District of Kentucky on one count of conspiring to knowingly and intentionally possess, with the intent to distribute, methamphetamine. [DE 1]. On January 23, 2017, Mr. Malone was arraigned before United States Magistrate Judge Colin H. Lindsey and a detention hearing was held. [DE 21]. Magistrate Judge Lindsey ordered Mr. Malone detained, finding that he had failed to introduce sufficient evidence

1

to rebut the presumption, arising under 18 U.S.C. § 3142(e)(3), that no condition or combination of conditions would reasonably assure the appearance of Mr. Malone. [DE 21]. Magistrate Judge Lindsey further found that release would present a danger to the community of Mr. Malone committing other offenses and that the weight of the evidence against Mr. Malone was strong. [DE 21].

On June 3, 2017, Mr. Malone filed a Motion to Review Order of Detention Pending Trial.[1] [DE 48]. Several days later, on June 7, Mr. Malone filed a Motion for Dismissal of Attorney. [DE 49]. On June 28, 2017, United States District Judge Thomas B. Russell granted Mr. Malone's motion to have his attorney dismissed, and Patrick J. Renn was appointed to represent Mr. Malone. [DE 54; DE 55]. That same day, Judge Russell set a hearing on Mr. Malone's Motion to Review Order of Detention Pending Trial for July 17, 2017. [DE 55].

On July 17, 2017, Mr. Malone appeared before Judge Russell, represented by Mr. Renn, for the hearing concerning his Motion to Review Order of Detention Pending Trial. [DE 59]. Judge Russell heard evidence presented by both parties and arguments from counsel. On July 27, 2017, Judge Russell denied Mr. Malone's Motion to Review Order of Detention Pending Trial, finding that "there is no condition or combination of conditions that will assure the safety of the community." [DE 59]. No appeal of this denial was filed. [DE 110].

On September 14, 2017, Judge Russell appointed Aubrey Williams to represent Mr. Malone, who was no longer represented by Mr. Renn. Mr. Williams moved to withdraw on May 1, 2018. [DE 99]. Mr. Williams's motion to withdraw was granted on May 25, 2018, and James A. Earhart filed a notice of appearance for Mr. Malone on June 1, 2018. [DE 108; DE 109]. Mr. Earhart, Mr. Malone's fourth attorney in this matter, represents Mr. Malone currently.

---

[1] This motion is sometimes referred to in the filings as a Motion to Revoke Order of Detention Pending Trial. For consistency's sake, this Court will refer to it by its original styling.

2

On July 26, 2018, Mr. Malone filed the instant motion to vacate Judge Russell's order denying Mr. Malone's Motion to Review Order of Detention Pending Trial. [RE 110]. The Motion presents two issues. First, Mr. Malone asks that this Court reopen his detention hearing and grant him release pending trial. In the alternative, Mr. Malone requests that this Court reenter Judge Russell's order, thereby allowing him to timely file what would otherwise be an untimely appeal. An evidentiary hearing was requested and scheduled for August 29, 2018.

**C. Testimony from the August 29, 2018 Hearing before this Court.**

At the evidentiary hearing before this Court, Mr. Renn testified that he met with Mr. Malone on July 28, 2017, which was the same day Judge Russell's July 27, 2017 Order denying Mr. Malone's Motion to Review Order of Detention was entered on the docket. Mr. Renn could not recall whether he was aware that the motion had been denied when they met. [Hr'g Tr. 10:10–10:21]. Mr. Renn further testified that he did not discuss with Mr. Malone his right to appeal that denial or inform Mr. Malone that he had such a right. [Hr'g Tr. 11:7–11:9].

Mr. Renn also testified that he received a letter from Mr. Malone's aunt, dated August 26, 2017, in which Mr. Malone's aunt referred to a conversation with Mr. Renn, directly after the detention hearing, in which he was asked to file a notice of appeal, but that Mr. Renn refused to do so on the grounds that it would be "a waste of time."[2] [Hr'g Tr. 12:16–12:21]. Mr. Renn testified that he did not recall having that conversation. [Hr'g Tr. 13:14–13:24].

Lastly, Mr. Renn testified that he was unaware of "any new information that [Mr. Malone] did not know at [the time of the June 28, 2017 hearing] that had a material bearing on the issue of dangerousness or risk of flight." [Hr'g Tr. 21:17–21:23].

---

[2] This letter was admitted into evidence at the August 29, 2018 hearing as "Defendant's Exhibit 1."

Mr. Malone's aunt testified that at the time of the hearing, Judge Russell's demeanor made it "pretty clear that [Mr. Malone] was going to lose" and that she and Mr. Malone's mother spoke to Mr. Renn because they "wanted to make sure he would file an appeal on [Mr. Malone's] behalf." [Hr'g Tr. 29:10–29:13; 29:22–30:1]. According to Mr. Malone's aunt, Mr. Renn responded that filing such an appeal would be "a waste of his time." [Hr'g Tr. 20:2–30:4]

Mr. Malone's aunt also testified that she was aware that Mr. Malone may be able to stay with a friend if he is released pending trial, but that Mr. Malone "said that he could stay with her if it was necessary. . . prior to him coming to the hearing." [Hr'g Tr. 32:10–32:19].

Mr. Malone testified that he spoke with Mr. Renn directly after his motion was denied, that he told Mr. Renn to appeal the denial, and that Mr. Renn agreed to do so. [Hr'g Tr. 25:24–26:7]. Mr. Malone also testified that he wrote a letter to Mr. Renn less than a month later indicating that he no longer wished to be represented by Mr. Renn because Mr. Renn "did not file for a detention hearing or appeal [Judge Russell's order denying Mr. Malone's Motion to Review Order of Detention Pending Trial]." [Hr'g Tr. 26:14–26:20].

Finally, when Mr. Malone was asked whether "there [is] any information you have today that you did not have back in July of 2017 that you believe was important to the issue of your continued detention," he replied "I'm not sure if I have—I'm not sure if I have already said it to him or not." [Hr'g Tr. 27:11–27:17]. Mr. Malone did not introduce any evidence relevant to his continued detention at the hearing.

## II. ANALYSIS

Believing that Judge Russell erred in denying his Motion to Review Order of Detention Pending Trial, but having missed the time to file an appeal of that denial, Mr. Malone moves this Court to grant one of two forms of relief—either reopen his detention hearing for a re-review of

4

the merits of his Motion to Review Order of Detention Pending Trial, or vacate and reenter Judge Russell's order based on ineffective assistance of counsel.

**A. Mr. Malone's request to reopen the detention hearing.**

Under the Bail Reform Act, 18 U.S.C. § 3142, "a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *see also* 18 U.S.C. § 3142(e). "If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). When such a motion is made, the district court "uses a *de novo* standard" when reviewing the Magistrate Judge's decision. *United States v. Staples*, NO. 1:15-CR-00012-GNS, 2017 WL 2609042, at *1, *1 (W.D. Ky. June 15, 2017).

After a district court has reviewed a Magistrate Judge's determination, this Court may only reopen a detention hearing if "new information exists that was unknown to the movant at the time of the hearing" that "has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012); *see also* 18 U.S.C. § 3142(f)(2)(B).

Mr. Malone has presented no evidence unknown to him at the time of the June 28, 2017 hearing, much less evidence having a material bearing on the issue of his release. The only evidence potentially bearing on that issue—that Mr. Malone had a friend with whom he could stay pending trial—was known to Mr. Malone at the time of the hearing. As such, this Court may not reopen the detention hearing to conduct its own review of the merits of Mr. Malone's detention.

**B. Mr. Malone's request to revoke and reenter the July 27, 2017 Order denying his Motion to Review Order of Detention Pending Trial.**

At the hearing to determine whether he will be detained, a defendant has a statutory right to counsel. 18 U.S.C. § 3142(f)(2)(B); *also see United States v. Salerno*, 481 U.S. 739, 751 (1987). And once a prosecution has commenced, "criminal defendants have a [Constitutional] right to the assistance of counsel during 'critical stages' of the prosecution." *Turner v. United States*, 885 F.3d 949, 952 (6th Cir. 2018) (en banc) (citing *Missouri v. Frye*, 566 U.S. 134, 140 (2012)).[3] And while "[t]he Constitution does not require lawyers to advise their clients of the right to appeal . . . the failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal." *Ludwig v. United States* (*Ludwig I*), 162 F.3d 456, 459 (6th Cir. 1998).

Federal Rule of Appellate Procedure 9 permits an appeal of a detention order to the Court of Appeals. A defendant has 14 days from the entry of the district court's order to appeal that order to the Court of Appeals as a matter of right. Fed. R. App. P. 4(b)(1)(A)(i). "Upon a finding of excusable neglect or good cause," a district court may extend the period in which a defendant may appeal, but by no longer than 30 additional days. Fed. R. App. P. 4(b)(4). While there is no case directly on point regarding an appeal of detention under Rule 9, in the context of a final criminal judgement, the court in *Ludwig I* held that if a defendant is denied effective assistance of counsel because his attorney failed to file an appeal, as instructed, the defendant would "be entitled to a delayed appeal." 162 F.3d at 459. It remanded the case to the district court to determine

---

[3] Neither the Supreme Court nor the Sixth Circuit appear to have determined whether a pretrial detention hearing is a "critical stage" of the prosecution, perhaps because the Bail Reform Act provides a statutory right to counsel. The Government has provided no cases indicating that the right to counsel provided by the Bail Reform Act and that provided by the Sixth Amendment differ. As such, this Court will analyze the right to counsel provided by the Bail Reform Act using the standards adopted for analyzing the Sixth Amendment right to counsel.

whether Ludwig had in fact instructed his attorney to appeal. *Id*; *also see Ludwig v. United States*, 238 F.3d 422, 422 (6th Cir. 2000) (table decision).

In *Slater v. United States*, the Middle District of Tennessee was presented with a set of facts similar to those alleged here. 38 F. Supp.2d 587, 588–89 (M.D. Tenn. February 11, 1999). There, the defendant instructed her attorney to file an appeal of her conviction and sentence, the attorney failed to do so, and the defendant sought relief with the district court under 28 U.S.C. § 2255. *Id*. Citing to *Ludwig I*, the district court held that the correct remedy was "to grant Petitioner a delayed appeal" and effectuated that remedy by vacating its original judgment and reentering the same judgment. *Id*. at 590.[4]

Having heard the testimony of Mr. Renn, Mr. Malone, and Mr. Malone's aunt, there is sufficient evidence to find that Mr. Malone, as well as Mr. Malone's aunt, did direct Mr. Renn to appeal Judge Russell's detention determination shortly after the detention hearing. The recollections of Mr. Renn and his aunt in regard to their conversation after the detention hearing cohere in large measure with each other, as well as with a letter sent by his aunt to Mr. Renn well before she would have had cause to anticipate the instant action. While Mr. Renn stated that he did not discuss Mr. Malone's right to appeal the detention order with him, he also did not recall any specific conversation with Mr. Malone in which he requested an appeal be filed.

Mr. Renn's apparent failure to appeal Judge Russell's detention determination, in violation of his client's direct request, violated Mr. Malone's statutory right to counsel under the Bill Reform Act. 18 U.S.C. § 3142(f)(2)(B). In *Slater*, the district court vacated and reentered a final criminal judgment when the defendant's counsel failed to appeal as directed, and the Sixth Circuit addressed the merits of the case without finding any error in the procedure by which the appeal came before

---

[4] The Sixth Circuit then addressed Slater's appeal on its merits, without commenting on the procedure by which it came to hear the appeal. *United States v. Slater*, 205 F.3d 1343 (6th Cir. 1999) (table decision).

that Court. Here, the Court will vacate Judge Russell's ruling in Mr. Malone's detention and reenter the order to permit Mr. Malone an opportunity to appeal in accordance with Fed. R. App P. 9(a) and 4(b)(1)(A)(i).

## III. CONCLUSION

For the forgoing reasons, Defendant's Motion is hereby **GRANTED IN PART AND DENIED IN PART**. While the Court will not reopen the detention hearing, as no cause exists pursuant to 18 U.S.C. § 3142(f)(2)(B), this Court **VACATES** its Judgment In A Criminal Case, filed in Case No. 3:17-cr-00006-RGJ (Docket Entry 59), and **REENTERS** the Judgment as of the date of entry of this Order. **IT IS SO ORDERED**.


Copies to:    Counsel of record
              Probation Office

Court Time: 30/00
Court Reporter: April Dowell